UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL HALE,                    )
                                 )
         Petitioner,             )
                                 )
    v.                           )   CAUSE NO. 3:15-CV-573 WL
                                 )
SUPERINTENDENT,                  )
                                 )
         Respondent.             )

OPINION AND ORDER

Michael Hale, a *pro se* prisoner, filed a habeas corpus petition challenging a prison disciplinary hearing (ISP 15-08-0019) that was held at the Indiana State Prison on August 14, 2015. The Disciplinary Hearing Body (DHB) found him guilty of Battery in violation of B-212 and sanctioned him with the loss of phone and commissary privileges, $25 restitution, 60 days of disciplinary segregation, loss of 60 days earned credit time and demoted him to Credit Class 3. The charges were initiated when Sergeant W. Springfield wrote a conduct report stating:

> On 8/3/15 @ approx. 4:35 PM during CCH chow lines, I Sgt. W. Springfield witnessed offender Hale 884687 fighting with offender Washington 197749 on Main Street in front of ACH. I Sgt. W. Springfield called a 10-10 then proceeded to stop the two offenders from fighting. I gave the offenders an order to stop fighting, they did not stop[.] I then applied a 1 second burst of my chemical agent. The two offenders then stopped fighting[.] At that time they were both cuffed. This report was written.

(DE 11-1.)

The screening report reflects that Hale was notified of the offense on August 6, 2015, and pled not guilty, and did not request any witnesses or physical evidence. (DE 11-2.) A summary of the security video was prepared, which states, "At approx. 4:30pm, offender[s] are walking down

1

the main street. At approx. 4:35pm offender Hale and offender Washington are walking side by side up main street talking. Offender Hale then hits offender Washington, and they begin fighting while on main street." (DE 11-4.) A disciplinary hearing was conducted on August 14, 2015, where the hearing officer took Hale's statement, "He has been harassing me since I've been here. He comes by my cell, and looks in. He asks me if I'm selling anything. He aggravates me." (DE 11-7.) After considering the evidence, the hearing officer found Hale guilty.(Id.) Hale's appeals to the facility head and the final reviewing authority were denied. (DE 11-8, 11-9.)

Here, Hale raises four claims in his petition: (1) he challenges the sufficiency of the evidence against him; (2) he was denied an impartial hearing officer; and (3) his contact visits were taken away; and (4) restitution was imposed without sufficient notice.

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

First, Hale argues the evidence is insufficient to support a battery charge. "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). Even a Conduct Report alone can be

sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here the Conduct Report and the Video Review Form are some evidence that Hale is guilty of battery.

Hale argues that this is inadequate to find him guilty of Battery because it shows that he and the other offender were both fighting. Perhaps he thinks that a battery has to be a one-way activity and that it cannot be done by two people to each other. If so, this is incorrect. Two people can batter each other at the same time. Alternatively, perhaps he is arguing that he was acting in self-defense. However,

> inmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings. As such, the [DHB] was under no constitutional obligation to allow [the] claim that he was merely defending himself to serve as a complete defense to the charge of assault.

*Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011) (citation omitted). Both the Conduct Report and the video show that he battered the other inmate. Again, there is more than sufficient evidence to have found him guilty of battery.

Second, Hale complains that he was denied an impartial hearing officer. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie*, 342 F.3d at 666. Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id.* Here, Hale does not clearly explain why he believes the hearing officer was biased, but there is no indication that he was involved in any way in the events underlying the charge. Hale appears to believe the hearing officer was impartial

3

because the officer ruled against him and did not notify him at the hearing that there may be restitution ordered due to an injury suffered by the other inmate. But adverse rulings alone do not establish impermissible bias. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994).

Third, Hale complains that contact visits were taken away from him. He argues that this punishment is unconstitutional because it is unrelated to the battery. However, "[t]he denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 461 (1989) (quotation marks and citation omitted). Because Hale had no right to due process before his visitation was restricted, doing so after he was afforded a hearing is not a basis for habeas corpus relief.

Finally, Hale complains that he was not told about having to pay restitution during the disciplinary hearing. He does not dispute the amount of the restitution, he merely argues that he should not have been ordered to pay it. However, habeas corpus relief is not available for restitution because "[s]ection 2254 is the appropriate remedy only when the prisoner attacks the fact or duration of 'custody.'" *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998). *See also Sandin v. Conner*, 515 U.S. 472, 487, (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and disciplinary sanctions, such as placement in disciplinary segregation, that do not affect the duration of his sentence).

Not only is there sufficient evidence to find Hale guilty of the charged offense, but there has been no showing that he was deprived any due process along the way. Based on the record, there is sufficient evidence to find Hale guilty of battery, and Hale has not made a showing that

4

his due process rights have been violated.

For these reasons, the habeas corpus petition is **DENIED** and this case is **DISMISSED**.

SO ORDERED.

ENTERED: March 23, 2017        s/William C. Lee
                               William C. Lee, Judge
                               United States District Court